IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREG KIDA, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ECOWATER SYSTEMS LLC, et al. | : | NO. 10-4319 |

## MEMORANDUM RE: MOTION TO QUASH

**Baylson, J.**  May 17, 2011

Plaintiffs Greg Kida and Sophia Kida ("Plaintiffs") filed a Motion to Quash the Subpoena served by Defendants EcoWater Systems LLC and Sears, Roebuck & Co. ("Defendants") upon a third-party engineer, Terrance Duvall ("Duvall"). (ECF No. 18) The subpoena seeks documents and information in Duvall's possession relating to his inspection and analysis of the water filtration system that malfunctioned in Plaintiffs' vacation home. (Subpoena, Pls.' Mot. Quash, Ex. B) The malfunctioning water filter system is the basis for this civil action for damages. Plaintiffs' counsel requested that Defendants withdraw the subpoena because Plaintiffs retained Duvall as a consulting expert in anticipation of litigation. (Letter, Pls.' Mot. Quash, Ex. C) Defendants did not withdraw the subpoena, and Plaintiffs filed this Motion to Quash on April 13, 2011. Defendants responded on April 27, 2011. (ECF No. 19)

### I.    Background

According to the Motion to Quash, Plaintiffs, after discovering extensive flooding in their second home in Lakeville, Pennsylvania (the "Lakeville Property"), filed a claim for damages with their insurer, Allstate Insurance Company ("Allstate"). Allstate provided coverage for the loss and remitted payment of $154,096.59. On May 14, 2009, an Allstate subrogation

1

representative asked Terry Duvall, P.E., of Jaguar Appraisals and Determinations ("JAD") to review the loss at the Lakeville Property and determine if litigation against a third-party was appropriate. Plaintiffs filed as an exhibit Allstate's call log concerning their insurance claim. (Call log, Pls.' Mot. Quash, Ex. A). The call log reflects that Allstate consulted with Duvall on both coverage for the loss and subrogation, and that Duvall prepared a report regarding the Lakeville Property.[1]

Plaintiffs filed suit against Defendants, who allegedly designed, manufactured, sold, and/or had exclusive control over the installation and utilization of the water filter, water filtration system, accumulator tank, and/or other water service product in the Lakeville Property. This discovery dispute arose when Defendants served a subpoena on Duvall requesting production of documents regarding his work at the Lakeville Property, his services for Allstate on Plaintiffs' insurance claim, and the failure of the water filtration system at the Lakeville Property.

## II. The Parties' Contentions

Plaintiffs contend that under Fed. R. Civ. P. 45(c)(3)(A)(iii), the Court is required to quash the subpoena, because the requested information is privileged. Moreover, Plaintiffs assert

---

[1] Entries from the call log include the following: 4/14/09 8:28 AM ("I was able to speak with JAD Engineering before calling insured and can have engineer Terry Duvall there this week. . .The insured agreed to meet the engineer and we can hopefully resolve the coverage issues ASAP."); 4/17/09 11:31 AM ("Engineering inspection was today. . . I called Terry Duvall . . .The ca[us]e of the loss is not freezing but the failure of the water filter system . . . Engineer has obtained [the] evidence for subro . . .There is coverage for this loss."); 5/14/09 1:22 PM ("Called Terry Duvall at JAD Engineering, LM subrogation"); 7/22/09 2:42 PM ("Jaguar Report. Loss due to rough handling while installing or removing the left hand filter cartridge which damaged the socket. No evidence of product defect.").

2

that facts known or opinions held by Duvall, a non-testifying expert witness retained in anticipation of litigation, are not discoverable pursuant to Fed. R. Civ. P. 26(b)(4).

Defendants contend that Plaintiffs lack standing to quash the subpoena, because Duvall was not retained by Plaintiffs in anticipation of litigation. Defendants argue that Allstate, a non-party, retained Duvall to determine whether coverage existed for Plaintiffs' insurance claim. Plaintiffs, who were adverse to Allstate as to the insurance claim, cannot assert a privilege on Allstate's behalf. Defendants further contend that Plaintiffs waived any work product privilege that may have applied to Duvall's file on the Lakeville Property by disclosing "critical evidence" and information from Duvall to Plaintiffs' testifying expert witness, The Madison Group ("TMG").

## III. Discussion

In the Third Circuit, "[i]t is well recognized that the federal rules allow broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777-78 (3d Cir. 1999) (citing In re Madden, 151 F.3d 125, 128 (3d Cir. 1998)). One discovery tool is the subpoena. In the context of expert witness discovery, Federal Rules of Civil Procedure 45 and 26 govern use of a subpoena. Although Rule 26 by its terms restricts only interrogatories and depositions, courts also apply its protections to subpoenas "in deciding the limits of privilege," because "discovery devices function as an integrated system." In re Painted Aluminum Prods. Antitrust Litig., No. Civ. A. 95-CV-6557, 1996 WL 397472, at *1 (E.D. Pa. July 9, 1996) (Pollak, J.) (denying motion to quash a subpoena where movant did not demonstrate that allegedly privileged documents were created in anticipation of litigation). Rule 26 proscribes a party from "discover[ing] facts known or opinions held by an expert who has been retained or specially employed by another party in

anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial," unless there are "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D).[2]

The Rules permit a court to quash a subpoena in certain circumstances. "On timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). The party moving to quash bears the burden of establishing that a privilege attaches to the subpoenaed documents. City of St. Petersburg v. Total Containment, Inc., No. 06-20953-CIV-LENARD, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008) (Stengel, J.).

As an initial matter, Defendants challenge Plaintiffs' standing to move to quash the subpoena of Duvall. In general, "'a party does not have standing to quash a subpoena served on a third party.'" Thomas v. Marina Assocs., 202 F.R.D. 433, 434-35 (E.D. Pa. 2001) (quoting Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997)). An exception to this rule permits a party to move to quash when it "claims 'some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty.'" Davis v. Gen. Accident Ins. Co. of Am., No. Civ. A. 98-4736, 1999 WL 228944, at *2 (E.D. Pa. Apr.15, 1999) (Hutton, J.) (quoting Dart Indus., Inc. v. Liquid Nitrogen Proc. Corp. of Cal., 50 F.R.D. 286, 291 (D. Del. 1970)). In some instances, the movant has standing based on its relationship to the third party subpoena recipient. See, e.g., Davis, 1999 WL 228944, at *3 (defendants who asserted an attorney-client privilege had standing to challenge subpoena served on a non-party); Essex Ins.

---

[2] The second of two exceptions to Rule 26(b)(4)(D) pertains to physical and mental examinations pursuant to Rule 35(b). This exception is inapplicable.

4

Co. v. RMJC, Inc., Civ. A. No. 01-4049, 2008 WL 2757862, at *1 n.1 (E.D. Pa. July 16, 2008) (Bartle, C.J.) (defendants had standing to move to quash subpoena served on non-party accountant where they asserted an accountant-client privilege). Indeed, "[m]any courts have routinely considered, without discussion of standing, a party's motions to quash subpoenas duces tecum addressed to that party's expert witnesses." Smith v. Transducer Tech., Inc., No. Civ. 1995/28, 2000 WL 1717334, at *1 (D.V.I., Nov. 16, 2000) (Resnick, M.J.) (citing Quaile v. Carol Cable Co., Inc., Civ. A. No. 90-7415, 1992 WL 277981, at *1 (E.D. Pa. Oct. 5, 1992) (Hutton, J.)) (additional citations omitted) (plaintiff had standing to move for a protective order relating to subpoenas issued to plaintiff's non-party expert witnesses). In other cases, the movant's personal right or interest in the documents themselves confers standing. See, e.g., New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc., No. Civ. A. 98-775, 2000 WL 62315, at *5 (E.D. Pa. Jan. 13, 2000) (Rueter, M.J.) (defendants had standing to challenge subpoenas issued to non-party companies and municipalities where they "allege[d] some personal right in the requested documentation, i.e., that the documents contain confidential research, development and commercial information"); Carpenter v. Kloptoski, Civ. A. No. 1:08-CV-2233, 2010 WL 126173, at *1 (M.D. Pa. Jan. 8, 2010) (Conner, J.) (plaintiff had standing to challenge subpoena issued to prison, seeking plaintiff's medical and mental health records, because he asserted that the documents were privileged and confidential).

Here, Plaintiffs assert a privilege on the ground that Duvall is a non-testifying expert retained in anticipation of litigation, whose work product is protected from discovery under Rule 26(b)(4). However, it is doubtful that Plaintiffs can assert a privilege in materials prepared by

5

Duvall for Allstate, because Plaintiffs did not retain Duvall. Plaintiffs acknowledge that "Allstate retained Terry Duvall to examine and investigate the water filter failure as it pertained to Allstate's subrogation litigation rights." Pls.' Mot. Quash 4. Defendants further question the purpose for which Duvall prepared information on the Lakeville Property. The Allstate call log supports Defendants' contention that Duvall was hired, at least in part, to assist Allstate in determining whether to grant Plaintiffs' insurance coverage claim. Therefore, even if Allstate's and Plaintiffs' interests coincide in their respective litigations against Defendants, Plaintiffs have not shown they can claim a privilege in the documents Duvall generated.

Assuming Plaintiffs have standing to move to quash the subpoena, the motion must be denied on the merits. First, related to the standing issue, Plaintiffs have not met their burden to establish they retained Duvall in anticipation of litigation. "A party claiming work-product immunity bears the burden of showing that the materials in question 'were prepared in the course of preparation for possible litigation,'" rather than "in the ordinary course of business." Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir. 2000) (quoting Haines v. Liggett Grp., Inc., 975 F.2d 81, 94 (3d Cir. 1992)).

In re Painted Aluminum Products Antitrust Litigation is an illustrative case. There, the defendants moved to quash a subpoena that the plaintiff served on Coopers & Lybrand L.L.P. ("Coopers"), a professional services firm that defendants retained. 1996 WL 397472, at *1. Judge Pollak explained that by raising the motion to quash, "defendants ha[d] the burden of demonstrating that Coopers' role was that of a non-testifying expert." Id. (citation omitted). Because defendants "fail[ed] to present any substantive characterization of Coopers' work" or to refute the plaintiff's contention that Coopers was retained for another purpose, the court had "no

6

basis for finding that Coopers was 'specially employed . . . in anticipation of litigation,'" and denied the motion. Id. at *1-2 (quoting Fed. R. Civ. P. 26(b)(4)(B)).

In this case, setting aside the issue of who retained Duvall, the Allstate call log supports competing inferences as to why Duvall was hired. Plaintiffs have not met their burden to show that Duvall prepared his report on the Lakeville Property in anticipation of litigation, rather than in the course of determining whether Allstate's insurance policy provided coverage for Plaintiff's claim.

Furthermore, even if Plaintiffs could establish that Duvall was their non-testifying expert, they have not submitted any evidence to rebut Defendants' assertion that disclosure to TMG waived the privilege. In a recent case, the Third Circuit summarily stated in a footnote "that the non-testifying expert privilege, see Fed. R. Civ. P. 26(b)(4), is not applicable here because, by providing consulting expert reports to a testifying expert, the privilege is lost." In re Chevron Corp., 633 F.3d 153, 164 n.17 (3d Cir. 2011) (citation and internal quotation marks omitted).

Judge McLaughlin examined the intersection of Rules 45 and Rule 26 in Quinn Construction, Inc. v. Skanska USA Building, Inc., 263 F.R.D. 190 (E.D. Pa. 2009). In Quinn, the plaintiff subcontractor moved to compel production of a report by the defendant contractor's non-testifying expert, which the defendant disclosed to a testifying expert. Id. at 192-93. Initially, Judge McLaughlin found that "both the protections for a non-testifying expert and for attorney work product appl[ied]" to the report, which was authored by an expert "retained to provide pre-litigation advice." Id. at 193, 194. Nevertheless, the court held that the defendant's disclosure of the report to a testifying expert waived the privilege: "when a party provides attorney work product to a testifying expert and that information is 'considered' by the expert and

7

becomes subject to the disclosure requirements of Rule 26(a)(2)(B), then the protection from disclosure ordinarily given to attorney work product is waived and the information must be disclosed." Id. at 196-97.

In this case, Defendants assert that Plaintiffs' testifying expert, TMG, identified Duvall as a source of critical evidence and information upon which it relied in forming its expert opinions. Plaintiffs have not rebutted Defendants' argument. Plaintiffs have declined to file a reply brief. Plaintiffs have not submitted any documents to establish they did not waive the privilege when they disclosed Duvall's report to TMG.

In sum, Plaintiffs have not met their burden to demonstrate that the court should quash the subpoena directed to Duvall.

## IV. Conclusion

For the reasons discussed above, the Court will deny Plaintiffs' Motion to Quash the Defendants' Subpoena served on third party Terrance Duvall. An appropriate Order follows.

O:\CIVIL 09-10\10-4319 Kida v Ecowater\Kida - Mem Mot Quash.wpd